UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN B., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:20-cv-00444-GZS |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the March 2, 2020 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 11-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of status-post left knee meniscectomy and dislocation of tarsometatarsal joint (left) with history of bilateral lower extremity crush injury. (R. 15.) The ALJ further found that despite his impairments, Plaintiff has the residual functional capacity (RFC) to perform sedentary work, except he can stand and/or walk for two hours in an eight-hour workday, and sit for eight hours, but must be able to change position for two to three minutes after every sixty minutes of continuous sitting, standing or walking, while remaining on task; he can occasionally climb ramps and stairs and can balance, but can never climb ladders, ropes or scaffolds; he can occasionally kneel and crouch, but can never crawl; and can never be exposed to hazardous heights. (R. 16.)

Based on the RFC finding, the ALJ concluded that Plaintiff could not return to past relevant work, but given Plaintiff's work experience and the testimony of a vocational expert, Plaintiff could perform other substantial gainful activity, including the specific representative jobs of charge account clerk, order clerk, addresser, and dowel inspector. (R. 22-23.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind

might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erred in her assessment of Plaintiff's claimed complex regional pain syndrome (CRPS),[2] including in her application of Social Security Ruling 03-2p (SSR 03-2p), which describes the process for evaluating cases involving CRPS, and in her related evaluation of the medical opinion evidence.

In 2016, Plaintiff was injured at work on a construction site when a bulldozer ran over his lower legs. (R. 277.) Although Plaintiff suffered no broken bones and did not develop compartment syndrome in either leg, Plaintiff was later diagnosed with CRPS in both lower legs. (R. 458.) Plaintiff argues the ALJ erred in finding that Plaintiff's CRPS was not a medically determinable impairment at step 2 of the sequential analysis in part because the ALJ did not assess the medical opinion evidence properly.

At step 2 of the sequential evaluation process, a social security disability claimant must establish the alleged conditions are severe, but the burden is de minimis, and is designed merely to screen out groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123-24 (1st Cir. 1986). The ALJ may find that an impairment or combination of

---

[2] In SSR 03-2p, CRPS is also referred to as reflex sympathetic dystrophy syndrome or RSDS.

3

impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28).  In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.*

At step 2, medical evidence is required to support a finding of severe impairment. 20 C.F.R. § 404.1521.  *See also* Social Security Ruling 96-3p ("Symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s).") (citation omitted).  A diagnosis, standing alone, does not establish that the diagnosed impairment would have more than a minimal impact on the performance of work activity.  *Dowell v. Colvin*, No. 2:13-cv-00246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014).  Moreover, even severe impairments may be rendered non-severe through the ameliorative influence of medication and other forms of treatment.  *Parsons v. Astrue*, No. 1:08-cv-218-JAW, 2009 WL 166552, at *2 n.2 (D. Me. Jan. 23, 2009) (*aff'd*, Feb. 12, 2009).  In addition, an impairment must meet the 12-month durational requirement in order to be considered "severe."  20 C.F.R, § 404.1509; *Mulero v. Comm'r of Soc. Sec.*, 108 F. App'x 642, 644 (1st Cir. 2004) (to be severe, impairment must satisfy durational requirement).

4

Contrary to Plaintiff's argument, the ALJ supportably evaluated and weighed the opinion evidence.  The ALJ acknowledged that Plaintiff had been diagnosed with CRPS, but she found that it was not a medically determinable impairment.  (R. 15.)  The ALJ explained that she did "not find sufficient, objective evidence to affirm reliably a diagnosis" of CRPS, citing the requirements of SSR 03-2p. (R. 15.)  Pursuant to SSR 03-2p, CRPS "can be established in the presence of persistent complaints of pain that are typically out of proportion to the severity of any documented precipitant," and the presence of one or more "clinically documented signs in the affected region at any time following the documented precipitant," which signs include "swelling, [a]utonomic instability – seen as changes in skin color or texture, and changes in sweating (decreased or increased sweating).  Changes in skin temperature." SSR 03-2p, 2003 WL 22399117, at *4 (S.S.A., Oct. 20, 2003).

The ALJ noted that Bruce Sigsbee, M.D., diagnosed Plaintiff with CRPS in April 2017, writing that Plaintiff's presentation and examination "strongly suggest that he is suffering from" CRPS, although Dr. Sigsbee observed that there was "certainly some apparent augmentation of his symptoms."  (R. 458.)  The ALJ, however, also noted that "[n]o other doctor has clinically confirmed the condition" and found the record lacked "sufficient, objective evidence to affirm reliably a diagnosis of complex regional pain syndrome (CRPS) per the requirements of SSR 03-2p." (R. 15.)

The ALJ also discussed the opinion of William House, M.D., noting that he did not provide explanations for many of his opinions, such as the sitting limitation, and explaining that she found some of his opinions internally inconsistent, such as his opinion that Plaintiff

5

could climb ladders given how otherwise limited Dr. House found Plaintiff.  Notably, in her RFC, the ALJ adopted Dr. House's standing and walking limitations, but she assessed greater postural limitations in precluding climbing ladders and greater environmental limitations in precluding exposure to hazardous heights.[3]  (R. 16.)  The ALJ also reviewed and commented upon the records of Susan Hage, D.O.  Contrary to Plaintiff's contention, reasonably and supportably assessed and characterized Dr. Hage's findings.

In support of her assessment, the ALJ referenced the April 2018 examination performed by Howard Jones, M.D., who concluded Plaintiff's CRPS diagnosis was not supported by objective clinical findings, but rather appeared to be based on his providers "accepting [Plaintiff's] self-reports as accurate," and noting those providers "describe essentially no physical findings except severe hypersensitivity to light touch."  (R. 480.)  Dr. Jones also observed that while Plaintiff exhibited "some edema in both distal legs," the symptoms "could be explained by untreated hypertension and chronic stasis in the left ankle following the crush injuries."  (*Id.*)  Dr. Jones' opinion was also informed by surveillance video and photographs allegedly depicting Plaintiff engaged in activities which "called into serious question" Plaintiff's "self-reports of pain and activity intolerance."  (R. 479, 480.)

After her review of the record and consideration of the medical opinions, the ALJ

---

[3] To the extent Plaintiff asserts that the ALJ should have deferred to Dr. House's opinion that he is disabled, Dr. House's "belief on that issue is not dispositive because it is a legal conclusion reserved to the Commissioner."  *Whatley v. Colvin*, 528 Fed. App'x 884, 887 (10th Cir. 2013).  The ALJ explicitly considered Dr. House's opinion, and articulated the issues she found with its supportability and consistency.  That is sufficient.  *Ryan M. St. P. v. Saul*, No. 2:19-cv-00167-NT, 2020 WL 1672785, at *3 (D. Me. Apr. 6, 2020).

supportably concluded that the CRPS was not a medically determinable impairment. Nevertheless, she explained that "[r]egardless of diagnosis," she "considered [Plaintiff's] lower extremity symptoms and functioning when considering his other severe lower extremity impairments," and found Plaintiff's dislocation of tarsometatarsal joint (left) with history of bilateral lower extremity crush injury to be a severe impairment. (R. 15.) In her assessment of Plaintiff's RFC, the ALJ largely adopted the RFC assessment of state agency medical consultant Geoffrey Knisely, M.D,[4] (*see* R. 20), who acknowledged the CRPS diagnosis and that it was "supported by [the] presence of some discoloration and temperature changes, allodynia and significant pain reaction to any touch." (R. 79.) The ALJ, therefore, adopted an RFC that considered symptoms of CRPS.

In this way, the facts are analogous to those presented in *Lewis v. Colvin*, Civil Action No. 15-12223-FDC, 2016 WL 4007556, (D. Mass. July 26, 2016), where the ALJ did not find the plaintiff's CRPS to be a medically determinable impairment, but the court found no error in the ALJ's consideration of plaintiff's claimed CRPS because "the ALJ's ultimate decision derivatively considered CRPS … in that [the ALJ] based his determination partially on" a state agency medical consultant's opinion, who in turn had considered the prior RFC opinions of state agency consultants, both of whom included plaintiff's CRPS diagnosis in their analyses. *Id*. at *8. The reasoning of the court in *Lewis* is consistent with the general principle that "where, as here, the ALJ finds at least one

---

[4] Dr. Knisely found that Plaintiff could sit for only two hours in an eight-hour workday. (R. 78.) The ALJ did not adopt that limitation, explaining that it appeared to have been "made in error, because agency policy does not allow for such low exertional levels." (R. 20, citing SSR 96-8p & SSR 96-9p.) Plaintiff does not challenge the ALJ's rejection of Dr. Knisely's sitting limitation and has thus waived that issue. *Farrin v. Barnhart*, No. 05-144, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006).

7

severe impairment and continues the sequential analysis, any error at step 2 is harmless 'unless the [plaintiff] can demonstrate that the error proved outcome determinative in connection with the later assessment of'" his RFC. *McCusker v. Saul*, No. 19-cv-853-PB, 2020 WL 6580598, at *6 (D. N.H. Nov. 10, 2020 (quoting *Fernald v. Soc. Sec. Admin. Comm'r*, 2012 WL 1462036, at *2 (D. Me. Apr. 19, 2012).  Plaintiff has not established that a finding that CRPS was a medically determinable impairment from which Plaintiff suffers would have generated a different result.

Plaintiff also contends that the ALJ failed to follow the required procedure set forth in SSR 03-2p, which provides "[i]f the adjudicator finds that the evidence is inadequate to determine whether the individual is disabled, he or she must first recontact the individual's treating or other medical source(s) to determine whether the additional information needed is readily available," and to arrange for a consultative examination if the information cannot be obtained from the claimant's providers. 2003 WL 22399117, at *4.  As is clear from the text of SSR 03-2p, the ALJ need only take such steps if she finds the evidence inadequate to make a disability determination.[5] The fact that the ALJ concluded that the record did not support a finding that CRPS was a medically determinable impairment from which Plaintiff suffers does not mean the evidence was inadequate to make a disability determination.  The ALJ simply found that the evidence did not support Plaintiff's claim. That is, Plaintiff's "reliance on [SSR 03-2p] is misplaced because the record does not

---

[5] "Claims in which the individual alleges RSDS/CRPS are adjudicated using the sequential process, just as for any other impairment." *Id*. at *6.

suggest there was insufficient evidence to determine whether or not [he is] disabled." *Whatley v. Colvin*, 528 Fed. App'x 884, 887 (10th Cir. 2013).

In sum, the ALJ did not err in the application of Social Security Ruling 03-2p (SSR 03-2p), and the ALJ's decision is otherwise supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of October, 2021.